The Honorable Loren P. Thompson The Honorable Deborah Califf City of Bull Shoals P.O. Box 390 704 C.S. Woods Boulevard Bull Shoals, Arkansas 72619
Dear Mayor Thompson and Ms. Califf:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the public nature of a number of documents pertaining to the employment of a former Chief of Police for the City of Bull Shoals who recently resigned. You indicate that the City has received several requests under the Arkansas Freedom of Information Act ("FOIA") A.C.A. § 25-19-101 to -107 (Repl. 1998 and Supp. 1999) to review the personnel file and related documents pertaining to the former Chief's employment. You state that you will make available to the requesters all of the former Chief's personnel file except the documents you have enclosed for my review and those items clearly exempted from disclosure by the FOIA. You request that I advise you "which of the [enclosed] pages should be made available to those who have requested to see the personnel file. . . ."[1]
The documents enclosed include a job application, resumes, a Commission on Law Enforcement Standards and Training "Personal History Statement," two U.S. Military Form "DD-214" documents, the results of a psychological evaluation, and a "Confirmation of Psychological Evaluation."
RESPONSE
It is my opinion that most of the records in the file are indeed subject to inspection and copying under the FOIA. The records in question are in my opinion "personnel records" for purposes of the FOIA. "Personnel records" are subject to inspection and copying except to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). It is also my opinion, however, that some of the documents, or information contained in these documents must be shielded from public inspection or redacted based upon specific exemptions in the FOIA, other state statutes, or federal law. I will discuss the disclosability of the various documents and the information contained therein, separately, below.
Job Application
In my opinion the job application is generally subject to public inspection and copying, but certain information must be redacted therefrom. As my predecessor stated in Op. Att'y Gen. 97-042:
 This office has opined on numerous occasions that employment applications are generally subject to disclosure under the FOIA. See, e.g., Ops. Att'y Gen. 96-190; 95-291; 95-244; 95-113; 94-187; 93-421; 93-263; 93-114; 90-248; 88-133; 87-189; 87-154; 87-108; and 87-070. I have enclosed for your review a copy of Opinion 95-244, issued to a DHS employee, which reaches this conclusion. That opinion concludes that as a general matter, employment applications are subject to public inspection and copying, but that certain information contained therein may need to be deleted under A.C.A. § 25-19-105(b)(10) to the extent its release would constitute a "clearly unwarranted invasion of personal privacy."
Op. Att'y Gen. 97-042 at 1. See also Op. Att'y Gen. 99-002.
I must note, with regard to the job application you have enclosed, that the home telephone number that appears twice on the application, if unlisted, should be redacted prior to disclosure of the record. Even if the number is listed, I have twice previously declined to question a custodian's redaction of a police officer's telephone number in the "spirit of" the Arkansas Supreme Court's decision in Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998), which indicates a heightened privacy interest in such officer's addresses. See Ops. Att'y Gen. 2000-306 and 99-016.
The job application also contains a driver's license number that in my opinion must be redacted pursuant to the federal "Driver's License Privacy Protection Act," 18 U.S.C. §§ 2721 et seq. See also Op. Att'y Gen.99-016.
Resumes
In my opinion, similarly, the resumes you have enclosed are subject to public inspection and copying with certain deletions. See Op. Att'y Gen.99-398. Specifically, the social security number must be redacted from this document and anywhere it appears throughout the personnel documents in accordance with federal law. See 5 U.S.C. § 552a, note (the Federal Privacy Act); and 42 U.S.C. § 405(c)(2)(C)(viii). Marital status of the employee and information about family life should in my opinion be redacted under A.C.A. § 25-19-105(b)(10). See Op. Att'y Gen. 2000-168; 99-305; and 99-283. Additionally, again, the home telephone number of the former chief may be redacted in keeping with Stilley v. McBride. Op. Att'y Gen. 2000-306. Although I have previously opined that the names of personal references listed on a resume are subject to inspection and copying, I have also concluded that the disclosability of the home telephone numbers of such references will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto.See Op. Att'y Gen. 2000-306. Because some of the home telephone numbers are those of law enforcement personnel, again, they may be redacted under the Stilley decision.
Arkansas Commission on Law Enforcement Standards and Training "PersonalHistory Statement"
You have also enclosed for my review a copy of a "Personal History Statement" required by the Arkansas Commission on Law Enforcement Standards and Training. I have previously stated, with regard to such statements, that their disclosability must be evaluated on an individual basis. Op. Att'y Gen. 2000-122. I have found no general law shielding this document from public inspection and copying, but in my opinion, after a review of the particular statement you have enclosed, several redactions are warranted under A.C.A. § 25-19-105(b)(10).[2] In my opinion, again, the social security number must be redacted and the home telephone number of a law enforcement officer may be redacted. Again, marital status and information about family life, including names and addresses of family members must be redacted. Cf. Op. Att'y Gen. 98-152. Personal financial information must be redacted. See e.g., Op. Att'y Gen. 97-331. Again, the driver's license number should be redacted. See,supra, page 3. Finally, the names of personal references are subject to disclosure, but the public nature of their addressed and telephone numbers will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See, supra, page 3.
Military Discharge "DD Form 214"
The next two documents enclosed with your request are two separate military discharge forms, each of which is commonly referred to as a "DD Form 214." I have previously opined that "[a]lthough the maintenance and dissemination of these forms by the military itself is strictly regulated (see, e.g., 32 C.F.R. §§ 45.3 and 45.4) I can find no specific federal preemptory statute that would prohibit their release by third persons." Op. Att'y Gen. 2000-168 fn 1. I continue to hold this view and thus believe that the documents are generally subject to inspection and copying under the Arkansas FOIA. I also stated, however, that certain information contained therein must be redacted, "including social security number, address, `blood group,' and insurance information." Id.
at 3. These documents are therefore open to public inspection and copying with the above-mentioned information redacted.
Results of Psychological Evaluation
The next document you have enclosed contains the results of a psychological evaluation, which includes background information, the results of a mental status exam and a personality inventory. I have previously concluded that such records may be exempt as "medical records" under A.C.A. § 25-19-105(b)(2), and that careful scrutiny would "likely reveal that the employee has an overriding privacy interest in withholding the record from release" under the A.C.A. § 25-19-105(b)(10) personnel records exception. See Ops. Att'y Gen. 2000-226. See also,
2000-122; 98-101 and 92-319. It is my opinion that this document should be shielded from inspection and copying under A.C.A. § 25-19-105(b)(10).
Confirmation of Psychological Evaluation
It is my opinion, however, that the final document you have enclosed, the "Confirmation of Psychological Evaluation," is subject to inspection and copying under the FOIA. See Ops. Att'y Gen. 2000-226; 98-202; 98-101 and 97-177. While the employee may have an overriding privacy interest in the narrative results of a psychological evaluation, the public has a paramount interest in knowing that the evaluation was completed and whether the employee was recommended as fit for service. Id.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The Attorney General's authority under § 25-19-1059(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or employee evaluation/job performance records. You have not indicated your decision concerning release of the records you enclose, but rather ask my opinion as to their public nature. Because of the time constraints involved, I will give my opinion as to the disclosability of the records in question. I reiterate, however, for future reference, that it is the responsibility of the custodian to make the initial review and determination on all requested records, which determination may then be reviewed by my office.
[2] In my opinion this document is a "personnel record" when in the hands of the employing entity.